DENTONS US LLP
Kate E. Hart (Bar No. 275121)
kate.hart@dentons.com
4520 Main Street, Suite 1100
Kansas City, MO  64111
Telephone: (816) 460-2400
Facsimile: (816) 531-7545

Attorneys for Plaintiff Exeter Finance Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXETER FINANCE CORP., | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| AUTOCOM ENERGY, LLC d/b/a Autocom Nissan of Concord, | |
| Defendant. | |

Plaintiff Exeter Finance Corp. ("Exeter"), for its Complaint against Defendant Autocom Energy, LLC d/b/a Autocom Nissan of Concord ("Autocom"),[1] states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Exeter is, and all times pertinent to this Complaint was, a corporation organized under the laws of Texas.  Exeter's principal place of business is located at 222 Las Colinas Blvd W Ste. 1800, Irving, Texas 75309-5438.  Accordingly, Exeter is a citizen of Texas.

2.    Autocom is, and all times pertinent to this Complaint was, a limited liability company organized under the laws of California.  Autocom's principal place of business is located at 1840 N Main St., Walnut Creek, California 94596.  Autocom's registered agent is Jose Perez, who may be

---

[1]    Collectively, Exeter and Autocom are referred to herein as the "Parties."

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1   served at 1840 N Main St., Walnut Creek, California 94596.  Upon information and belief, none of

2   Autocom's members are citizens of Texas.

3   3.   This Court has subject-matter jurisdiction over this action pursuant to

4   28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Exeter and

5   Autocom; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6   4.   This Court has personal jurisdiction over Autocom because Autocom is registered to

7   do business in California, maintains its principal place of business in California, and regularly

8   transacts business in California.

9   5.   This Court is the proper venue for this dispute pursuant to 28 U.S.C. § 1391 because

10   Autocom's principal place of business is located in this district, and because a substantial part of the

11   events giving rise to Exeter's claims occurred in this district.

<strong>BACKGROUND</strong>

12

13   6.   Exeter is in the business of buying automobile retail installment sales contracts from

14   automobile dealerships such as those operated by Autocom.

15   7.   Autocom operates through subsidiary and affiliated automobile dealerships, including

16   Autocom Nissan of Concord ("Autocom Concord"), Autocom Nissan of Walnut Creek ("Autocom

17   Walnut Creek"), and Autocom Nissan of Oakland ("Autocom Oakland").

18   8.   Autocom Concord is an automobile dealer located at 1290 Concord Ave., Concord,

19   California 94520.

20   9.   Autocom Walnut Creek is an automobile dealer located at 1840 N Main St., Walnut

21   Creek, California 94596.

22   10.   Autocom Oakland is an automobile dealer located at 2735 Broadway, Oakland,

23   California 94612.

24   11.   On or about April 14, 2014, Exeter and Autocom entered into an agreement title

25   "Non-Recourse Dealer Agreement" (the "Agreement") concerning the purchase of retail installment

26   sales contracts for automobiles.   The Agreement identified Autocom and Autocom Concord,

27

28

-2-

CASE NO. _____                EXETER FINANCE CORP.'S COMPLAINT

Autocom Walnut Creek, and Autocom Oakland (as Autocom's affiliate and subsidiary dealerships) as parties to the Agreement.[2]  A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

12.     The Agreement provides that it shall be governed by and interpreted in all respects by the laws of the State of Texas, without regard to any conflicts of law principles or choices of law. *See* Agreement, ¶ 21(e).

13.     Under the Agreement, Autocom (by and through its affiliate and subsidiary dealerships) may submit proposals to sell/assign certain retail installment sales contracts (each a "Contract") [3] to Exeter.  As part of the proposal process, Autocom submits a Contract to Exeter that describes the vehicle that is the subject of the contract, including the condition and equipment options included with the vehicle.  *See* Agreement, ¶¶ 3-5, 10(b), 10(h).

14.     In connection with each proposed sale/assignment, Autocom makes several representations and warranties to Exeter concerning Autocom's business practices, the vehicle that is the subject of the Contract, and the Contract itself.  *See* Agreement, ¶¶ 9-10.

15.     Among Autocom's representations and warranties, Autocom contractually represented and warrantied to Exeter that the vehicles for which Autocom was purchasing the Contracts were not obtained by the Buyer's[4] use of any fraudulent scheme, trick or device, and that the sale of the vehicle contracts to Exeter was not effected by the Dealer's use of any fraudulent scheme, trick or device.  *See* Agreement, ¶¶ 10(o)(i), o(ii).

16.     Autocom also agreed that, in the event Autocom breached any of the representations, warranties, or covenants in Section 10 of the Agreement, Exeter would have the right to demand that

---

[2]   Together, Autocom, Autocom Concord, Autocom Walnut Creek, and Autocom Oakland are referred to in the Agreement, collectively, as the "Dealer." *See* Agreement, pp. 1, 6.

[3]   The Agreement states that "'Contract' means a retail installment sale contract, conditional sale contract, security agreement or other document providing for the payment by Buyer to Dealer of monies in connection with a credit sale to Buyer of a Vehicle owned by Dealer, together with any Additional Products. *See* Agreement, ¶ 1(d).

[4]   The Agreement states that "'Buyer' means, with respect to any Contract, any person, including any co-Buyer, co-signer, or guarantor(s) who enters into such Contract with the Dealer for the purchase of a Vehicle, together with any Additional Products, if any." *See* Agreement, ¶ 1(c).

-3-

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1

2

Autocom repurchase the vehicle contracts and reimburse Exeter for any fees and/or costs caused by Autocom's breach.  *See* Agreement, ¶ 12.

3

4

5

17.    Autocom further agreed that, in the event Autocom was required to repurchase any Contracts, Autocom would repay any participation chargebacks and/or other amounts required as part of the repurchase(s).  *See* Agreement, ¶ 8.

6

7

8

9

10

11

18.    During a routine examination of Contracts Exeter recently purchased from Autocom Concord, Exeter identified 11 Contracts in which Autocom breached the representations and warranties described above (including, but not limited to, the representations and warranties contained in Paragraph 10(o) of the Agreement).  Autocom's breaches are the result of selling Contracts to Exeter in which the subject vehicles were purchased using misrepresentations regarding the Buyers' income and/or identification.

12

13

14

15

19.    Exeter relied upon Autocom's representations regarding the Buyers' income and identification in making its underwriting decisions and would not have purchased these Contracts had it known that they were falsely represented.  These representations have left Exeter at risk for enormous economic loss.

16

17

18

20.    After learning of Autocom's breaches of the Agreement, Exeter contacted Autocom regarding its failure to fulfill its contractual obligations and demanded compliance with the terms of the Agreement.  Autocom ignored Exeter's demands.

19

20

21

22

23

21.    The acts and omissions described above violate Autocom's contractual representations and warranties under Paragraph 10(o) of the Agreement.  Because Autocom has breached its contractual representations and warranties to Exeter, Autocom is contractually required to (i) repurchase the 11 Contracts identified by Exeter;[5] and (ii) reimburse Exeter for all fees and costs Exeter has incurred as a result of Autocom's breaches.  *See* Agreement, ¶¶ 8, 12.

24

25

26

27

28

---

[5]   Under the terms of the Agreement, Autocom is required to repurchase each of the 11 identified Contracts at "the then remaining unpaid amounts owing with respect to such Contract, including, without limitation, all unpaid principal, all accrued and unpaid interest and all other amounts due and payable under or pursuant to such Contract."  *See* Agreement, ¶¶ 1(j) (defining the "Repurchase Price"), 12.

CASE NO. _____                    EXETER FINANCE CORP.'S COMPLAINT

22.     Between June 8, 2016 and June 15, 2016, Exeter issued formal written demands for Autocom to comply with its repurchase and reimbursement obligations under the Agreement with respect to the 11 Contracts Exeter has identified as containing misrepresentations regarding the Buyers' income and/or identification.  True and correct copies of Exeter's demand letters are attached hereto as **Group Exhibit 2**.

23.     Autocom failed to repurchase and reimburse Exeter for the 11 identified Contracts within ten days of Exeter demanding payment, as required by the Agreement.   Defendant is, therefore, in breach of the Agreement.  *See* Agreement, ¶¶ 12, 14.

24.     As of July 18, 2016, the total Repurchase Price owed to Exeter for the 11 Contracts at issue was $224,777.68.[6]

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

25.     Exeter incorporates the preceding Paragraphs of this Complaint as if fully set forth herein.

26.     The Parties have a valid and binding Agreement with respect to Exeter's purchase of Contracts and, where applicable, Autocom's repurchase of such Contracts.  Exeter purchased the 11 Contracts at issue based on Autocom's representations and warranties concerning the Buyers' income and identification.

27.     With respect to the 11 Contracts at issue, Autocom's representations and warranties were false.

28.     Because Exeter's representations and warranties regarding the Buyers' income and identification were false, the terms of the Agreement expressly require Autocom to repurchase the 11 Contracts at issue.

---

[6]  The Repurchase Price owed to Exeter for the 11 identified Contracts changes on a daily basis because the Contracts accrue interest and fees.  They may also be reduced by the Buyers' payments of amounts owed under the Contracts.  As of July 18, 2016, the 11 identified Contracts are accruing interest at the rate of $126.41 each day.  *See* Agreement, ¶¶ 1(j) (defining the "Repurchase Price"), 12.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

CASE NO. _____          EXETER FINANCE CORP.'S COMPLAINT

29.     Despite Exeter's full performance of all obligations under the Agreement, and written demand, Autocom has failed to repurchase the 11 Contracts at issue, thereby further breaching the Agreement.

30.     Exeter seeks damages for Autocom's breaches of the Agreement, in the amount of $224,777.68 plus $126.41 per day for each day after July 18, 2016 that Autocom fails to pay Exeter the amounts due and owing under the Agreement.

31.     Further, as a result of Autocom's breaches of the Agreement, Exeter has been forced to employ the undersigned attorneys to enforce its rights.  Exeter has agreed to pay the undersigned attorneys' reasonable and necessary fees and expenses in investigating and bringing this action and makes demand upon Autocom for payment of those attorneys' fees and expenses in accordance with the terms of the Agreement (*see* ¶¶ 12, 15, and 21(e)), and Section 38.001 of the Texas Civil Practice and Remedies Code.[7]

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Exeter Finance Corp. demands judgment against Defendant Autocom Energy, LLC d/b/a Autocom Nissan of Concord:

A.     Awarding Exeter actual and consequential damages of at least $224,777.68 plus $126.41 per day for each day after July 18, 2016 that Autocom fails to pay Exeter the amounts due and owing under the Agreement;

B.     Awarding Exeter all fees and costs (including reasonable attorneys' fees) it has incurred as a result of Autocom's actions and omissions;

C.     Awarding Exeter pre- and post-judgment interest at the maximum rates allowable by law; and

D.     Granting Exeter such other and further relief as the Court deems just and proper.

---

[7]   As noted above, the Agreement provides that it is governed by Texas law.  *See* Agreement, ¶ 21(e).

CASE NO. _____          EXETER FINANCE CORP.'S COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Dated: July 25, 2016

Respectfully submitted,

DENTONS US LLP

By:   __/s/ Kate E. Hart_____
          KATE E. HART

Counsel for Plaintiff
EXETER FINANCE CORP.

100473467

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

-7-

CASE NO. _____        EXETER FINANCE CORP.'S COMPLAINT